UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT H. MEEKS,<br><br>             Plaintiff,<br><br>     v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>             Defendant. | 1:02cv5877 DLB<br><br>ORDER REGARDING<br>PETITION FOR FEES<br><br>(Document 14) |

Petitioner Robert D. Christenson ("Counsel"), attorney for Plaintiff Brent H. Meeks, filed the instant petition for fees on November 4, 2005. Counsel requests fees in the amount of $3,850.00 pursuant to 42 U.S.C. § 406(b)(1).

Defendant filed a response to Counsel's request on November 17, 2005. Defendant explains that it does not enter into agreements regarding the payment of section 406(b) fee requests because the requests are made pursuant to contingency fee agreements to which the Defendant is not a party and the money at stake ultimately comes from Plaintiff's past-due benefits award. Nevertheless, Defendant presents its analysis of the fee request to the Court and does not object to Counsel's request.

BACKGROUND

Plaintiff filed his social security complaint on July 19, 2002. Pursuant to the parties' stipulation, the Court ordered the case remanded on February 10, 2003. On March 19, 2003, the

Court ordered payment of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $1,147.30.

After a remand hearing, the ALJ issued a favorable decision finding Plaintiff eligible for benefits commencing September 26, 1997.  The Commissioner subsequently calculated Plaintiff's past-due benefits and notified Plaintiff and Counsel that she had withheld $19,128.00 for payment of attorney's fees.  This amount represented 25 percent of the total past-due benefits award.

By this motion, Counsel seeks $3,850.00 for 7.7 hours of work before this Court.  After crediting $1,147.30 received previously pursuant to the EAJA, Counsel requests a net fee of $2,702.70 from past-due award.[1]

DISCUSSION

42 U.S.C. § 406(b)(1)(A) provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

In *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002), the Supreme Court explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that contingency fee agreements between claimants and their attorneys will "yield reasonable results in particular cases."  Agreements are not enforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.  *Id.*  "Within the 25 percent boundary. . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved.  *Id.*  Ultimately, an award of section

---

[1] Independent of this request, Counsel states that he is requesting $15,278.00 in attorney's fees from the Social Security Administration for services rendered at the administrative level pursuant to 42 U.S.C. § 406(a).

As Respondent points out, the instant request for $3,850.00 in § 406(b) fees, combined with the request for $15,278.00 in § 406(a) fees, equals a total of $19,128.00, which is 25 percent of the total past-due benefits awarded to Plaintiff.

1 | 406(b) fees is offset by an award of attorney's fees granted under the EAJA.  28 U.S.C. § 2412;
2 | *Gisbrecht*, 535 U.S. at 796.
3 |         Here, Counsel states that he spent over 69 hours in representing Plaintiff, 7.7 of which
4 | were spent before this Court.  For these 7.7 hours, he requests $3,850.00, which translates to
5 | $500.00 per hour.  Counsel contends that this compensation is reasonable "in light of the work
6 | devoted to this case and this case during the five years since representation began in 2000."
7 | Petition, at 3.  Counsel also states that Plaintiff "realizes that counsel took risks and put a lot of
8 | effort into this case and appreciated those efforts made on his behalf as demonstrated by the
9 | client's signature of consent to the provision of the contingent-fee agreement attached as Exhibit
10 | E."  Petition, at 3-4.
11 |        Counsel concedes that the $1,147.30 received previously should be credited to Plaintiff,
12 | which amounts to a net award of $2,702.70.  Using the net award, this translates to an hourly rate
13 | of $351.00 per hour ($2,702.70 ÷ 7.7 hours).  While the Court recognizes that Counsel was
14 | successful in securing Plaintiff with a favorable decision, including an award of past-due
15 | benefits, and that Plaintiff signed a contingent-fee agreement that provided for a fee of 25 percent
16 | of the past-due benefits, a rate of $351.00 per hour is simply too high.  The Court finds that
17 | $250.00 per hour is a more reasonable rate and represents an amount well over the hourly rate
18 | customarily awarded pursuant to the EAJA in recognition of the contingent nature of this case
19 | and counsel's assumption of the risk of going uncompensated. *Hearn v. Barnhart*, 262
20 | F.Supp.1033, 1037 (N.D. Cal. 2003).  Therefore, the Court awards attorney's fees in the amount
21 | of $1,925.00.  Adding the $1,147.30 previously awarded, this totals $3,072.30.
22 |         Accordingly, Counsel's petition for fees is GRANTED in the amount of $3,072.30.
23 | Crediting the $1,147.30 EAJA award results in a net award of $1,925.00.
24 |         IT IS SO ORDERED.
25 |    Dated:    December 1, 2005                  /s/ Dennis L. Beck
       3b142a                                  UNITED STATES MAGISTRATE JUDGE